UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-24255-CIV-ALTMAN

**JEAN EWOLL JEAN-DENIS**,

*Plaintiff*,

v.

**JONATHAN RUIZ**,

*Defendant.*
_____/

## ORDER

The Plaintiff, Jean Ewoll Jean-Denis, has been ordered removed from the United States and is in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Krome North Service Processing Center in Miami, Florida ("Krome"). *See* Complaint [ECF No. 1] at 1–2. He's now filed a Complaint against the acting director of Krome, Jonathan Ruiz, pursuant to the cause of action the Supreme Court created in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Ibid.* In a nutshell, he alleges that Ruiz violated his constitutional rights by failing "to provide Plaintiff with the assistance needed to (effectively) file his motion for ineffective assistance of trial counsel." *Id.* at 5. But, since *Bivens* doesn't apply to constitutional claims under the Sixth Amendment—and given that Jean-Denis has no right to counsel in any event—we **DISMISS** the Complaint.

### THE LAW

Because Jean-Denis has moved to proceed *in forma pauperis* [ECF No. 3], we must screen his Complaint under the provisions of 28 U.S.C. § 1915(e).[1] A court may authorize a party to proceed *in*

---

[1] Although Jean-Denis is being held on an immigration detainer in an ICE facility, he isn't a "prisoner" within the meaning of 28 U.S.C. § 1915A(c)—so we can't screen his Complaint under that provision. *See Danglar v. Dep't of Corr.*, 50 F.4th 54, 59–60 (11th Cir. 2022) ("When Danglar filed his complaint,

*forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Although "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action," *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

---

he had completed his state-law *criminal* detention and was in federal custody at a new facility in Alabama pursuant to an immigration detainer. Danglar was therefore civilly detained because of that immigration detainer. Because he was civilly detained, we conclude that Danglar was not a 'prisoner' for purposes of [§ 1915.]"). Of course, since Jean-Denis has moved to proceed *in forma pauperis*, we must still screen his Complaint under § 1915(e).

**ANALYSIS**

According to Jean-Denis, the Government has sought to remove him from the United States because he was convicted of several felonies in state court. *See* Complaint at 4 ("Plaintiff has a number of felony convictions in the State of Florida. [ICE] has recommended Plaintiff's removal from the United States based on said convictions[.]"). To prevent his removal, Jean-Denis wants to file an "ineffective-assistance-of-trial-counsel motion with the proper state authority," which (he believes) will result in the reversal of his convictions. *See id.* at 4–5. Ruiz (Jean-Denis alleges) "has failed—and continues to fail—to provide Plaintiff with the assistance needed to (effectively) file his motion for ineffective assistance of trial counsel." *Id.* at 5. Jean-Denis thus contends that Ruiz, a federal official, has deliberately and continuously violated *both* his Sixth Amendment right to counsel *and* his right to access the courts under the First and Fourteenth Amendments. *See ibid.* As redress, Jean-Denis asks us to order Ruiz to provide "a constitutionally-sufficient [lawyer] . . . so as to enable [Jean-Denis] to effectively file an ineffective-assistance-of-trial-counsel motion with the proper state authority." *Id.* at 4. He also wants us to enjoin the Government from removing him from the United States until his state collateral proceedings have been resolved. *Ibid.*

We now dismiss the Complaint under § 1915(e) for two independent reasons: *first*, *Bivens* doesn't apply to violations of the First and Sixth Amendments; *second*, Jean-Denis isn't entitled to counsel in his state-court collateral proceedings.

"In *Bivens*—proceeding on the theory that a right suggests a remedy—[the Supreme] Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Iqbal*, 556 U.S. at 675 (cleaned up). "As a procedural matter, we have incorporated 42 U.S.C. § 1983 law into analogous *Bivens* actions." *Solliday v. Fed. Officers*, 413 F. App'x 206, 209 (11th Cir. 2011). The Supreme Court now recognizes three "categories" of *Bivens* claims. *First*, in the eponymous *Bivens* case, the Supreme Court held that "a person claiming to

3

be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible [federal] agents[.]" *Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). *Second*, in *Davis v. Passman*, 442 U.S. 228 (1979), "[t]he Court held that the Fifth Amendment Due Process Clause gave [the plaintiff] a remedy for gender discrimination." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017). *Finally*, in *Carlson v. Green*, 446 U.S. 14 (1980), "[t]he Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate treatment." *Ziglar*, 137 S. Ct. at 1855.

But, unlike claims against state actors under § 1983, a *Bivens* claim is "an implied cause of action" because "no federal statute authorize[s] such a claim" and because the Constitution doesn't explicitly provide for it. *See Hernandez*, 140 S. Ct. at 741 ("*Bivens* [was] the product[ ] of an era when the Court routinely inferred 'causes of action' that were 'not explicit' in the text of the provision that was allegedly violated." (quoting *Ziglar*, 137 S. Ct. at 1855)). The Supreme Court has therefore referred to the continued expansion of *Bivens* as a "disfavored judicial activity" and has even "gone so far as to observe that if 'the Court's three *Bivens* cases had been decided today,' it is doubtful that we would have reached the same result." *Id.* at 742–43 (quoting *Ziglar*, 137 S. Ct. at 1856).

It's fair to say, then, that the Supreme Court's *Bivens* jurisprudence has reached a precarious equipoise. On the one hand, the Court has declined invitations to overrule *Bivens*—so the three *Bivens*-derived causes of action we've outlined above remain intact. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("Nonetheless, rather than dispense with *Bivens* altogether, we have emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." (cleaned up)). On the other hand, the Court has, since *Carlson* in 1980, steadfastly refused to recognize any *new* causes of action under *Bivens*. *See Hernandez*, 140 S. Ct. at 743 ("And for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."); *see also Egbert*, 142 S. Ct. at 1810 (Gorsuch, J., concurring) ("If the costs and benefits do not justify a new *Bivens* action on facts so analogous

4

to *Bivens* itself, it's hard to see how they ever could. . . . In fairness to future litigants and our lower court colleagues, we should not hold out that kind of false hope, and in the process invite still more protracted litigation destined to yield nothing.").

In other words, "[t]he Supreme Court has not expressly extended *Bivens* liability to Sixth Amendment claims." *Witchard v. Keith*, 2011 WL 250560, at *4 (M.D. Fla. Jan. 26, 2011) (Presnell, J.) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66–68 (2001)); *see also Sharratt v. Murtha*, 437 F. App'x 167, 170 (3d Cir. 2011) ("We doubt that a purported violation of Sixth Amendment rights could be remedied under *Bivens*."). Nor does *Bivens* apply to access-to-court claims under the First Amendment. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). Jean-Denis has thus failed to state a claim upon which relief can be granted. *See Atkins v. Gilbert*, 52 F.4th 359, 360–61 (7th Cir. 2022) ("Atkins's [*Bivens*] claim against the court reporter failed because it did not arise under the Fourth, Fifth, or Eighth Amendment and therefore fell outside of the *Bivens* theory now recognized by the Supreme Court.").

Even if Jean-Denis *could* assert his claim under *Bivens*, he's still failed to allege that Ruiz violated *any* of his constitutional rights. The main thrust of Jean-Denis's argument is that the Constitution requires Ruiz—the director of a *federal* facility that houses *immigration detainees*—to give him a lawyer to assist him in the preparation of a *state-court collateral proceeding*. *See* Complaint at 5 ("[Ruiz] has failed—and continues to fail—to provide Plaintiff with the assistance needed to (effectively) file his motion for ineffective assistance of trial counsel."). For the sake of brevity, we'll highlight just two major problems with this claim.

*One*, the Sixth Amendment only applies during a criminal prosecution. *See Barbour v. Haley*, 471 F.3d 1222, 1231 (11th Cir. 2006) ("The Sixth Amendment applies only to criminal proceedings. As stated earlier, postconviction relief is not part of the criminal proceeding itself; rather, it is civil in nature."). Under Florida law, though, an ineffective-assistance-of-counsel claim must be raised in a

5

postconviction motion. *See Huckaba v. State*, 260 So. 3d 377, 383 (Fla. 1st DCA 2018) ("Generally, a claim of ineffective assistance of counsel must be raised in a postconviction motion."). Jean-Denis thus has no Sixth Amendment right to an attorney in the non-criminal, collateral proceedings that are the subject of his Complaint. *See Lee v. State*, 847 So. 2d 1142, 1143 (Fla. 3d DCA 2003) ("There is no automatic right to counsel in post-conviction proceedings, and appointment of post-conviction counsel is a matter solely within the discretion of the trial court.").

*Two*, Ruiz's failure to provide a lawyer to litigate Jean-Denis's postconviction claims doesn't violate Jean-Denis's right of access to the courts. To prevail on this claim, Jean-Denis must show that he has "a nonfrivolous, arguable underlying claim," and that Ruiz took some "official act" that "frustrat[ed] the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Without deciding whether Jean-Denis has a colorable postconviction claim here,[2] we find that Ruiz didn't undertake an "official act" that frustrated Jean-Denis's ability to assert such a claim in state court. That's because, as we just discussed, Jean-Denis doesn't have any right to counsel in collateral proceedings. In fact, the Eleventh Circuit has held that "the right of meaningful access [to the courts] does not require the State to provide counsel to death-sentenced inmates for the purpose of investigating and filing postconviction petitions." *Barbour*, 471 F.3d at 1227. Since the Constitution doesn't require prisons to provide postconviction counsel to *death-row* inmates, it certainly doesn't mandate postconviction counsel for *non*-death inmates (like Jean-Denis). *Cf. Hooks v. Wainwright*, 775 F.2d 1433, 1435 (11th Cir. 1985) (holding that "the State was not constitutionally required to provide legal assistance as well as libraries," so long as the prison provides a process by which "all prisoners [have] meaningful access to the courts" (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977))). Because Ruiz didn't take an "official

---

[2] We note, however, that Jean-Denis hasn't specifically explained *how* counsel was ineffective, *see generally* Complaint, which makes it impossible for us to say whether his claims have any merit at all, *see Christopher*, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").

6

act" to frustrate Jean-Denis's state-court litigation, he hasn't violated Jean-Denis's constitutional right to access the courts.

In sum, *Bivens* doesn't allow Jean-Denis to bring a suit against a federal official like Ruiz for alleged violations of the First and Sixth Amendments. And, even if it did, Jean-Denis has still failed to state a claim upon which relief can be granted because he doesn't have the right to counsel in a state postconviction proceeding anyway.

\*\*\*

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida, on January 4, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Jean Ewoll Jean-Denis, *pro se*